**UNITED STATES of America,**
**Appellee,**

v.

**Gary HENDERSON, Defendant–**
**Appellant.**

No. 04–2428.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2005.

**536**

Thomas H. Nooter, Freeman, Nooter & Ginsburg, New York, NY, for Appellant.

Michael A. Levy, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney for the Southern District of New York, Karl Metzner, Assistant United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

*SUMMARY ORDER*

Gary Henderson appeals from a judgment entered in the United States District

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District

Court for the Southern District of New York (Leisure, *J.*) on April 28, 2004, convicting Henderson of conspiring to commit access device fraud in violation of Title 18 United States Code, Section 1029(b)(2). We assume that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

Henderson argues that the police lacked probable cause to arrest him, and urges that the evidence stemming from that arrest should have been suppressed at his trial. This court reviews *de novo* a determination that police had probable cause for a warrantless arrest and reviews for clear error the factual findings on which that determination is based. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Uribe–Velasco,* 930 F.2d 1029, 1032 (2d Cir.1991).

Henderson was arrested for conspiring with Andre Green to commit access device fraud by illegally transferring money into the account of a woman who was unaware of Green's criminal intentions and who became a cooperating witness upon learning, prior to Henderson's arrest, of the true nature of the transactions. The cooperating witness arranged a meeting with Green and an accomplice in order to give them the funds from her account. After a probable cause hearing, the district court found:

According to [various officers' testimony], law enforcement agents learned that at least one young, black male worked with Andre [Green] to collect the proceeds from a credit card fraud. A cooperating witness informed law enforcement agents that [Green] and a young, black male engaged in the fraud-

of New York, sitting by designation.

ulent transactions and collections repeatedly. Law enforcement agents also learned that an individual accompanying [Green] made phone calls to the cooperating witness, and agents monitored at least one of these calls the day before the arrest. The day of the arrest, the agents observed that [Ogboghodo], a young, black male, was present in the car with [Green] when [Green] again attempted to collect proceeds from fraudulent transactions.

These findings are amply supported by the record. Moreover, it was undisputed that the withdrawal and the transfer took place the same day, and several of the telephone calls came in that interval (between the time the bank opened and the transfer shortly after ten o'clock in the morning), which supports the district court's inference that the accomplice who called the cooperating witness was, in fact, accompanying Green.

Probable cause requires "fair probability" under the "totality of the circumstances" that the arrestee have committed a crime. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A finding of probable cause does not require "a prima facie showing of criminal activity" or demonstration "that it is more probable than not that a crime has been or is being committed." *United States v. Cruz,* 834 F.2d 47, 50 (2d Cir.1987). Based on the facts known by the arresting officer at the time of arrest, we conclude that the government did meet its burden of establishing probable cause. *United States v. Pena,* 961 F.2d 333, 338–39 (2d Cir.1992).

Henderson also alleges that his sentence violated his Sixth Amendment rights. In light of the Supreme Court's recent opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the case must be remanded to the district court for proceedings consistent with this Circuit's recent decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

For the foregoing reasons, the judgment of conviction is hereby AFFIRMED and the case is REMANDED for further proceedings regarding sentencing consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).